IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED

NOV 2 1 2019

Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| MICHELLE MEEKS,<br><br>Plaintiff,<br><br>vs.<br><br>NUTRAMAX LABORATORIES VETERINARY SCIENCES, INC. d/b/a DASUQUIN; JACK VAUGHN d/b/a WINNING IMAGES, INC.; IPROMOTEU.COM, INC.; and JOHN DOES 1-10,<br><br>Defendants. | CV 19–88–M–DLC<br><br>ORDER |

Before the Court is iPROMOTEu.com, Inc.'s ("IPU") Motion to Dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (Doc. 24). IPU argues that the Court lacks personal jurisdiction under Montana's long-arm statute because IPU did not transact any business in Montana nor did the tort accrue in Montana. (Doc. 25 at 4.) For the reasons explained below, the motion is denied.

**Background**

In the spring of 2017, Plaintiff Michelle Meeks was an employee of the Missoula Veterinary Clinic. Through her work, Meeks won a solar charger as a promotional prize. For the next year, Meeks used her solar charger to charge her

1

cell phone without incident and often left it on the dashboard of 2007 Chevrolet Avalanche.[1]

On June 8, 2018, Meeks was at work when she noticed a flash in the parking lot. Upon second glance, Meeks noticed that her car was ablaze. Meeks immediately grabbed two nearby fire extinguishers. By the time she got outside, the flames had engulfed the front half of her vehicle. Using the fire extinguisher, Meeks successfully put out the fire but sustained personal injuries from smoke inhalation, stress, and vexation. When the Missoula Fire Department arrived on scene, its investigation determined that the probable cause of the fire was the solar charger.

The solar charger ended up in Meeks' possession when four of these chargers were given to her employer, Missoula Veterinary Clinic by Nutramax, a company that sells animal health products. Nutramax purchased these chargers from Defendant Jack Vaughn who acted as a middleman for IPU. Vaughn shipped the chargers directly to the vet clinic and Nutramax sent payment directly to IPU. Meeks now brings claims for strict products liability, negligence, breach of warranty, and punitive damages against Nutramax, Vaughn, and IPU.

---

[1] These facts are taken from the Plaintiffs' Complaint along with documents submitted in support of jurisdiction (Docs. 1-1; 26-3; 22; 26-1), and for the purpose of this motion, are assumed to be true. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

2

**Standard of Review**

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). The plaintiff's pleading and affidavits "need only make a prima facie showing of jurisdictional facts." *Id.*

**Discussion**

Personal jurisdiction is an individual liberty protected by the due process clause. *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). For a federal court to exercise personal jurisdiction over a nonresident defendant, two requirements must be met: jurisdiction must be proper under the state's long-arm statute, and jurisdiction must satisfy the constitutional standard. *Schwarzenegger*, 374 F.3d at 800. The first is a question of state law; the second is a question of federal law.

**A. Whether jurisdiction is proper under Montana's long-arm statute.**

Under Montana's long-arm statute, there are two kinds of personal jurisdiction: general and specific. *Tackett v. Duncan*, 334 P.3d 920, 925 (Mont. 2014). First, an individual may be subject to general personal jurisdiction where

they are "found" in Montana.[2] Mont. R. Civ. P. 4(b)(1). Alternatively, Montana courts may exercise specific personal jurisdiction "as to any claim for relief arising from the doing personally, or through an employee or agent, of any of the following acts":

> (A) the transaction of any business within Montana;
> (B) the commission of any act resulting in accrual within Montana of a tort action;
> (C) the ownership, use, or possession of any property, or of any interest therein, situated within Montana;
> (D) contracting to insure any person, property, or risk located within Montana at the time of contracting;
> (E) entering into a contract for services to be rendered or for materials to be furnished in Montana by such person;
> (F) acting as director, manager, trustee, or other officer of a corporation organized under the laws of, or having its principal place of business within, Montana; or
> (G) acting as personal representative of any estate within Montana.

Mont. R. Civ. P. 4(b)(1).

IPU argues that the Court lacks specific personal jurisdiction over it because it did not transact any business in Montana nor did any tort accrue in Montana. Additionally, IPU observes that subsections (C) through (G) are inapplicable. (Doc. 25 at 4.) The Court will address tort-accrual jurisdiction first, as it is dispositive of the matter.

---

[2] IPU preliminarily argues that the Court lacks general personal jurisdiction over it because it is a Delaware corporation with its principal place of business in Massachusetts and otherwise lacks contacts to render it "essentially at home" in Montana and therefore cannot be "found" in Montana. (Doc. 25 at 4.) Plaintiff does not dispute as much. For the reasons IPU asserts, the Court agrees that it cannot be subject to general personal jurisdiction under Montana's long-arm statute.

4

Under Montana law, a tort "accrues" in the place of the injury-causing event. *Bi–Lo Foods, Inc. v. Alpine Bank, Clifton*, 955 P.2d 154, 157–58 (Mont. 1998); *Ascencio v. Phillips Agency, Inc.*, No. CV 16-64-M-DLC, 2016 WL 9461796, at *4 (D. Mont. Aug. 16, 2016). In the context of a products liability claim, "the injury causing event occurs (and the tort 'accrues') when the product injures the consumer." *Rodoni v. Royal Outdoor Products, Inc.*, No. CV 19–17–M–DLC, 2019 WL 2300400, at *1–2 (D. Mont. May 30, 2019).

In *Rodoni v. Royal Outdoor Products, Inc.*, this Court examined whether a defectively designed railing that was manufactured outside of Montana and caused injury to a plaintiff in Montana satisfied the requirements under Montana's tort-accrual provision. 2019 WL 2300400, at *1–2. The defendants alleged that the injury-causing event occurred where the product was designed and manufactured. *Id.* at *2. The plaintiffs argued that the injury-causing event occurred in Montana when the product failed. *Id.* This Court explained that "in the context of a design defect, the injury causing event occurs (and the tort "accrues") when the product injures the consumer." *Id.* This is because "not all defectively designed products will fail and cause injury to consumers." *Id.* This Court rejected the alternate interpretation that a claim for a design defect "accrues" at the place of manufacture, service or assembly as "legally indefensible." *Id.* For example, to say that a defective tire that explodes in Montana and injures a Montana consumer

5

"accrued in Japan when Bridgestone manufactured the tire in question, years before the injury, or that the tort accrued in Japan at the time the tire was sold," simply does not make sense. *Id.* (quoting *Joss v. Bridgestone Corp.*, No. CV-08-68-BLG-RFC, 2009 WL 1323040, at *7–8 (D. Mont. May 11, 2009)). Nor is it consistent with Montana law. *See Bunch v. Lancair Intern., Inc.*, 202 P.3d 784, 795 (Mont. 2009) (holding that personal jurisdiction was established under Montana's tort-accrual provision over a nonresident airplane-kit manufacturer when the allegedly defective airplane crashed in Montana killing the plaintiff).

Here, IPU argues that it did not design, manufacture, or sell the solar charger at issue in Montana. (Doc. 25 at 7.) As explained, this is irrelevant. The tort accrued in Montana because the solar charger caught fire in Montana. Catching fire is the injury-causing event. Contrary to IPU's assertion, tort accrual jurisdiction is straightforward in this case.

IPU goes on to argue that broad exercise of tort-accrual jurisdiction does not comport with the United States Supreme Court's "stream of commerce plus" principle. (Doc. 25 at 7.) Consistent with the Montana Supreme Court's tendency to impute constitutional principles into its statutory analysis, *see Ascencio*, No. CV 16-64-M-DLC, 2016 WL 9461796, at *2; *see, e.g., Tackett*, 334 P.3d at 928 (examining federal constitutional law to provide additional justification as to why a tort did not accrue in Montana), IPU seems to argue that federal constitutional

6

principles ought to inform the Court's conclusion that the tort did not, in fact, accrue in Montana. Here, unlike in *Tackett*, long-arm jurisdiction is clear. The Court will not conduct additional constitutional inquiry to undermine its interpretation of statutory law.

**B. Whether jurisdiction is proper under the federal constitution.**

Having determined that jurisdiction is proper under Montana's long-arm statute, the next question is whether the Court's exercise of jurisdiction is constitutional under the federal due process clause. *Schwarzenegger*, 374 F.3d at 800. In a footnote, IPU disputes that jurisdiction is constitutional. (Doc. 25 at 8 n.2.) Meeks, on the other hand, asserts that this Court's exercise of jurisdiction comports with fair play and substantial justice.[3] The Court agrees.[4]

"For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such

---

[3] Meeks raises the right arguments but cites the wrong authority. The Court will look to federal law when answering a federal question.

[4] Meeks also argues that IPU consented to the Court's jurisdiction under Federal Rule 12(h) by failing to raise the defense of personal jurisdiction in its first responsive pleading. (Doc. 32 at 13.) This is not the case. IPU preserved this argument by raising it in its Answer. (Doc. 9 at 6); *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *amended*, 807 F.2d 1514 (9th Cir. 1987) ("A general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction."). Further, there is no reasonable basis to argue that participating in the Court's preliminary pretrial conference and filing the necessary disclosures constitutes waiver of this defense. A party does not lose a properly preserved objection to personal jurisdiction by participating in subsequent litigation, unless that that party entirely fails to pursue a decision on the merits. *See InfoSpan, Inc. v. Emirates NBD Bank PJSC*, 903 F.3d 896, 901 (9th Cir. 2018).

7

that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger*, 374 F.3d at 801 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted)). In the context of specific jurisdiction, the "minimum contacts" requirement is satisfied when the following criteria are met:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Id.* at 802 (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). Where the plaintiff meets the burden to show that the first two elements are satisfied, the burden shifts to the defendant to show that a court's exercise of jurisdiction would be unreasonable. *Id.*

In so-called stream-of-commerce cases, a plaintiff cannot satisfy the purposeful availment prong by merely showing that a defendant manufacturer "placed its product into the stream of commerce." *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007). "Even a defendant's awareness that the stream of commerce may or will sweep the product into the

forum state does not convert the mere act of placing the product into the stream of commerce into an act purposefully directed toward the forum state." *Id.*

Here, Meeks has met her burden to show that IPU purposefully directed its activities to Montana. Unlike many stream-of-commerce cases where a manufacturer or distributor does not know precisely where or how many of its products will end up in a certain locale, this is not the case with IPU. Meeks alleges that Vaughn, on behalf of IPU, personally sent four solar chargers directly to Meeks' employer's office in Missoula, Montana and that Nutramax paid IPU directly for these chargers. While IPU disputes that Vaughn's actions may be imputed to it on agency principles, Meeks has met her burden to plead sufficient jurisdictional facts, which taken as true, establish an agency relationship.[5] Vaughn's action of sending four chargers to Montana was "purposefully directed" to Montana and are imputed to IPU on the basis of the agency relationship.

---

[5] In its reply brief, IPU argues that Meeks' Complaint fails to allege the existence of an agency relationship, essentially arguing that the Court cannot look to facts outside of the pleadings and affidavits to determine whether a plaintiff has met her burden to allege jurisdiction. (Doc. 37 at 9–10.) However, if this were the case, a court would be unable to grant jurisdictional discovery. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). In reaching its conclusion, the Court has relied on the Independent Distributor Affiliate Agreement (Doc. 26-1), and the attached shipping invoices (Docs. 26-2; 26-3). However, the Court's assessment that an agency relationship exists for the purpose of this motion under the standard imposed by Rule 12(b)(2) is not binding on the parties or the Court as to any issues that may arise in the later litigation.

Additionally, because Meeks' claims arise from her possession of the charger, Meeks has met her burden to show that "the claim [is] one which arises out of or relates to the defendant's forum-related activities[.]" *Schwarzenegger*, 374 F.3d at 802. Because Meeks has met the first two requirements, the burden shifts to IPU to show that the Court's exercise of jurisdiction would not be reasonable. IPU argues that it is not reasonable because it is located in Massachusetts and lacks contacts with Montana. (Doc. 37 at 13.) In this day and age, requiring a business to litigate across the country is not "unreasonable" as a constitutional matter. Jurisdiction is proper in this case.

IT IS ORDERED that IPU's Motion (Doc. 24) is DENIED.

DATED this 21st day of November, 2019.

 /s/ Dana L. Christensen
 Dana L. Christensen, Chief Judge
 United States District Court